UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

STATESVILLE DIVISION

FILED
STATESVILLE, N.C.
JUL 2 2 2013
U.S. District Court
Western District of N.C.

| | |
|---|---|
| SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor, | FILE NO. 5:11-cv-00103-RLV-DCK |
| Plaintiff, | |
| v. | |
| BELDING HAUSMAN, INC.; BELDING HAUSMAN, INC. DEFERRED COMPENSATION PLAN; and CURTIS WILFORD STOWE, an individual; | |
| Defendants. | |

## **CONSENT JUDGMENT AND ORDER**

Plaintiff, Seth D. Harris, acting Secretary of Labor, United States Department of Labor ("the Secretary"), pursuant to his authority under sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Belding Hausman, Inc.; Belding Hausman, Inc. Deferred Compensation Plan ("the Plan"); and Curtis Wilford Stowe, an individual. Defendant Curtis Wilford Stowe, legally known as C. Wilford Stowe, Jr. ("Stowe"), and the Secretary have agreed to resolve all matters in controversy in this action except for the imposition by the Secretary of any penalty pursuant to ERISA section 502(l), 29 U.S.C. § 1132(l), and any proceedings related thereto, and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

A. Stowe hereby admits to the jurisdiction of the Court over him and over the subject matter of this action. Stowe admits that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

B. The Secretary's Complaint alleges that Stowe was a fiduciary and party in interest to the Plan within the meaning of ERISA sections 3(21)(A) and 3(14), 29 U.S.C. §§ 1003(21)(A) and (14), and that Stowe breached his fiduciary duties with respect to the Plan by violating the provisions of ERISA sections 403, 404, and 406, 29 U.S.C. §§ 1103, 1104, and 1106, as set forth in the Complaint.

C. Stowe neither admits nor denies the allegations in the Complaint.

D. Stowe admits that he is, or was at all times relevant to this action, acting as a fiduciary within the meaning of 11 U.S.C. § 523(a)(4). Stowe further agrees that he is indebted to the Plan in the amount of $50,000.00. Stowe further agrees that, should he file for bankruptcy during the Financial Disclosure Period described in paragraph 8, below, he will send a copy of his petition to the Secretary at the address provided in that paragraph within ten (10) days of filing the petition.

E. Stowe expressly waives any and all claims of whatsoever nature that he has or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

F. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Stowe with the exception of any potential civil money penalties that may be assessed under ERISA section 502(l), 29 U.S.C. § 1132(l). This Order is not binding upon any

government agency other than the United States Department of Labor and only resolves claims arising out of this action as between the Secretary and Stowe.

G. The Secretary and Stowe expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Stowe, his agents, servants, employees and all persons in active concert or participation with him be and they hereby are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Stowe be and he hereby is permanently enjoined from acting as a fiduciary, trustee, agent, or representative in any capacity to any employee benefit plan, as defined by ERISA.

4. As a result of his fiduciary breaches, Stowe caused the Plan losses of approximately $100,000.00.

5. Stowe has represented that he is presently unable to make full restitution to the Plan. By entering into this Consent Judgment, Stowe certifies to the Court under penalty of perjury pursuant to 28 U.S.C. § 1746, that the Financial Statement executed on February 11, 2013 and tax returns submitted to the Secretary is a true and complete disclosure of his assets and that he is in fact presently unable to make full restitution to the Plan. Stowe specifically acknowledges that the Secretary expressly relies on the information provided in his February 11,

2013 Financial Statement and tax returns in entering into this Consent Judgment, and that his submission of a truthful Financial Statement to the Secretary and his affirmation of the truthfulness of the information contained in the Financial Statement and tax returns to this Court is a necessary and material condition precedent to the Secretary's agreement to the terms in this Consent Judgment and Order.

6. The Secretary, after a review of Stowe's February 2013 Financial Statement and tax returns, expressly relies upon such representations in agreeing to this Consent Judgment and Order. The Secretary reserves his right to initiate contempt proceedings against Stowe in the event that the Secretary discovers that the February 2013 Financial Statement and tax returns or subsequent financial statements or tax returns provided in accordance with paragraph 8, below, are materially inaccurate. The Secretary also reserves the right to seek immediate recovery of an amount up to an additional $50,000 in the event of any material inaccuracy in any financial statement or tax return submitted in accordance with this Consent Judgment and Order, or if, during the Financial Disclosure Period described in paragraph 8, below, a material improvement in Stowe's financial condition results in additional funds available to satisfy liabilities. If at any time between the entry of this Consent Judgment and Order and January 15, 2015, the Secretary has reason to believe that any of the 2013 Financial Statement and tax returns or subsequent financial statements and tax returns contain material misrepresentations or omissions, the Secretary shall be permitted to make an appropriate motion for permission to conduct discovery and to establish at an evidentiary hearing that Stowe has made a material misrepresentation or omission. If the Court finds that a material misrepresentation or omission has been made, the Court shall enter a Supplemental Order against Stowe ordering him to pay to the Plan immediately the amount by which he understated the actual value of his assets, up to the

remaining unsatisfied portion of the losses to the Plan as set forth in paragraph 4, above, plus interest accrued thereon at the U.S. Treasury underpayment rate referenced in 26 U.S.C. § 6621(a)(2) from the date of entry of this Consent Judgment and Order.

7. Stowe shall make restitution to the Plan in the amount of $50,000.00 plus post-judgment interest, in accordance with 28 U.S.C. § 1961, which shall accrue from the date of entry of this Order until paid in full. Restitution payments shall be allocated to the accounts of all eligible participants and beneficiaries with the exception that none of said sum shall be allocated to the account of Stowe. Stowe shall restore $50,000.00 plus interest to the plan no later than September 30, 2013. Stowe shall also pay a retainer of $10,000.00 to the Plan's Independent Fiduciary, identified in paragraph 14, below, within twenty (20) days of entry of this Order. Checks shall be made payable to the Plan and remitted to the Plan's Independent Fiduciary. Failure to pay the retainer within twenty (20) days of entry of this Order or to make restitution to the Plan by September 30, 2013 shall result in the total balance then remaining to become due and payable immediately, with no further notice or demand required from the Independent Fiduciary or the Secretary. The amount of restitution shall be subject to increase by an amount up to an additional $50,000, by motion to this Court by the Secretary on or before January 15, 2015, only if information obtained during the Financial Disclosure Period, as provided for in paragraph 8, below, indicates that there has been a material improvement in Stowe's financial condition resulting in additional funds available to satisfy liabilities such that Stowe can restore more losses to the Plan.

8. During the period beginning with the entry of this Order and ending on the earlier of December 31, 2014 or Stowe's death (the "Financial Disclosure Period"), Stowe shall, no later than thirty (30) calendar days following the filing of his federal tax return for each of calendar

years 2012 and 2013, complete and submit to the Secretary a Financial Statement in the form attached hereto as Exhibit A. During the Financial Disclosure Period, Stowe shall also submit his completed, executed federal income tax return, including all schedules, by November 15th of the calendar year following the calendar year for which said return was filed, or a statement under oath that no such tax return was completed or filed for that calendar year and the reason(s) no filing occurred. The Financial Statements and tax returns shall be submitted to the Secretary at the following address:

> United States Department of Labor
> Employee Benefits Security Administration
> 61 Forsyth Street, SW
> Suite 7B54
> Atlanta, GA 30303

9. By his signature below, Stowe agrees to allow any participant interest he may have in any existing or future assets of the Plan to be applied as an offset against the amounts that the Secretary has alleged are due to the Plan, as authorized by ERISA section 206(d)(4), 29 U.S.C. § 1056(d)(4).

10. By his signature below, Stowe hereby declares and affirms that the terms of this Consent Judgment and Order are not now inconsistent with any qualified domestic relations order of any court of competent jurisdiction wherein any domestic relations matter between him and a former spouse has been filed, or is pending; that he will not enter into any qualified domestic relations order that is inconsistent with the terms of this Consent Judgment and Order; and that this Consent Judgment and Order constitutes a settlement described by ERISA section 206(d)(4)(A)(iii), 29 U.S.C. § 1056(d)(4)(A)(iii).

11. By her signature below, Elizabeth M. Kolesar (spouse of Stowe), waives any claims that she may currently have for her spouse's benefits under the Plan with respect to

Stowe's account, which will be redistributed to other participants, and acknowledges she understands that: (a) the effect of such consent may be to forfeit the benefits that she would be entitled to receive upon her spouse's death; (b) her spouse's waiver is not valid without her consent; and (c) her consent is irrevocable upon the entry of this Order.

12. The governing documents for the Plan are hereby deemed amended to permit rollovers from an Individual Retirement Account and the distribution and offset of Stowe's participant interest, as provided herein. A full executed copy of this Consent Judgment and Order shall be maintained by the Plan's administrator with all other documents and instruments governing the Plan.

13. Once the corrective actions required in this Consent Judgment and Order are complied with, the Secretary is required to assess a civil penalty pursuant to ERISA section 502(l), 29 U.S.C. § 1132(l). The penalty under section 502(l) is equal to 20 percent of the "applicable recovery amount" as that term is defined by ERISA. The parties agree that the "applicable recovery amount" is $50,000.00, or the amount of increased restitution made to the Plan pursuant to paragraphs 6 and 7, above.

14. Jeanne Barnes Bryant, Esq., of Receivership Management, Inc., 783 Old Hickory Blvd., Suite 255, Brentwood, Tennessee 37027, is hereby appointed as successor Independent Fiduciary for the Plan and:

    a. The successor fiduciary shall collect, marshal, and administer all of the Plan's assets and take such further actions with respect to the Plan as may be appropriate, including but limited to terminating the Plan.

b. The successor fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan's documents or the applicable law, with respect to the successor fiduciary's duties.

c. The successor fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

d. The successor fiduciary shall be entitled to receive reasonable fees and expenses for her services from the retainer or the Plan's assets. Prior to obtaining payment for services and expenses authorized pursuant to this Consent Judgment and Order, the successor fiduciary shall file with the Court, with copies to all parties, invoices for such fees and expenses at such times and on such a schedule as the successor fiduciary, in her sole discretion, deems appropriate. Stowe acknowledges and agrees that the invoice will be considered properly delivered if it is both deposited in the United States mail and sent by e-mail to Stowe at the addresses below:

>Malone, Thompson, Summers & Ott
>3600 ARCO Corporate Drive
>Charlotte, NC 28273

>Curtis Wilford Stowe
>6409 Hayden Drive
>Hickory, NC 28601
>stowecw@gmail.com

e. If no party or the Court objects within 15 days of service of any invoice, full payment of such invoice shall be made from the retainer or the Plan's assets, and received by the successor fiduciary, not later than the 16th day following the date of the invoice. If any party or the Court objects to any payment, the matter should be resolved by the Court prior to payment.

f. Stowe shall deliver or otherwise make available to the successor fiduciary any information, documents, files or other compilations, wherever and however stored; that are reasonably necessary to perform the duties of the successor fiduciary.

g. The successor fiduciary is authorized to give instructions respecting the disposition of assets of the Plan.

h. The successor fiduciary in the performance of her duties may retain such assistance as she may require, including attorneys, accountants, actuaries and other service providers.

i. The payment of administrative expenses and all fees to the successor fiduciary, her assistants, attorneys, accountants, actuaries and other necessary service providers are to be considered priority administrative expenses of the Plan.

j. The successor fiduciary or her agents, employees or representatives may not be held personally responsible for any claims against the Plan which existed, arose, matured or vested prior to the appointment of the successor fiduciary.

k. The successor fiduciary shall, within 45 days of the submission of her final invoice, remit the remaining balance, if any, of the retainer to Stowe at the mailing address shown in subparagraph (d), above.

l. The successor fiduciary is to comply with all applicable rules and laws.

15. This Consent Judgment and Order resolves all claims of the Secretary's Complaint against Stowe with the following exceptions:

a. This Consent Judgment and Order does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under ERISA section 502(l).

b. This Consent Judgment and order does not affect or bind any governmental agency other than the United States Department of Labor.

c. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

16. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

SO ORDERED this **18** day of July, 2013.

RICHARD L. VORHEES
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| CURTIS WILFORD STOWE, DEFENDANT | SETH D. HARRIS, ACTING SECRETARY OF LABOR, PLAINTIFF |
| MALONE, THOMPSON, SUMMERS & OTT | M. PATRICIA SMITH<br>Solicitor of Labor |
| s/ *Michael K. Ott* | STANLEY E. KEEN<br>Regional Solicitor |
| 3600 ARCO Corporate Drive<br>Charlotte, NC 28273<br>Telephone: 704.522.2824<br>Facsimile: 704.522.2032<br>Email: ott@mtsolawfirm.com | ROBERT M. LEWIS, JR.<br>Counsel<br><br>s/ *Karen E. Mock*<br>KAREN E. MOCK<br>Senior Trial Attorney<br><br>U. S. Department of Labor<br>Office of the Solicitor<br>61 Forsyth Street, SW<br>Room 7T10<br>Atlanta GA 30303<br>Telephone: 404.302.5435<br>Facsimile: 404.302.5438<br>Email: Mock.karen@dol.gov<br>Atl.fedcourt@dol.gov |

## PARTICIPANT CONSENT

I, Curtis Wilford Stowe, legally known as C. Wilford Stowe, Jr., hereby consent to entry of this Order, and specifically affirm and consent to the terms set forth in paragraphs 9 and 10 of the Order.

*C. Wilford Stowe, Jr.* (signature)
C. WILFORD STOWE, JR.

State of North Carolina )
County of ~~Catawba~~ Mecklenburg )

SWORN TO and SUBSCRIBED before me this

15 day of July, 2013.

*Kathleen Burgin* (signature)
Notary Public

My Commission Expires: 06/22/2016     (SEAL)

[Notary seal: KATHLEEN F. BURGIN, NOTARY PUBLIC, MECKLENBURG COUNTY]

11

## SPOUSAL CONSENT

I, Elizabeth M. Kolesar, spouse of C. Wilford Stowe, Jr., hereby consent to entry of this Order, and specifically consent to the terms set forth in paragraph 11 of the Order.

*Elizabeth M. Kolesar*
ELIZABETH M. KOLESAR

State of North Carolina )
County of ~~Catawba~~ Mecklenburg )

SWORN TO and SUBSCRIBED before me this 15 day of July, 2013.

*Kathleen F. Burgin*
Notary Public

My Commission Expires: 06/22/2016    (SEAL)

15317801.1